**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

No. 02-4574

DAVID LAMONT BEEKS,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-01-828)

Submitted: January 30, 2003

Decided: February 7, 2003

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

J. Falkner Wilkes, MEGLIC & WILKES, L.L.C., Greenville, South
Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attor-
ney, Regan A. Pendleton, Assistant United States Attorney, Green-
ville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

David Lamont Beeks appeals his conviction for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Beeks was convicted following a jury trial in the District Court of South Carolina and was sentenced to 325 months of imprisonment, followed by a five-year term of supervised release. Finding no reversible error, we affirm.

First, Beeks contends that the district court's failure to take corrective action when the Government made references to the co-conspirator's guilty pleas constituted plain error. Because Beeks did not object to the references at trial, this claim is reviewed for plain error. Under the plain error standard, Beeks must show: (1) there was error; (2) the error was plain; and (3) the error affected substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). Even when these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Guilty pleas or convictions of non-testifying co-defendants or co-conspirators are not admissible as substantive evidence of the defendant's guilt. *See United States v. Blevins*, 960 F.2d 1252, 1260-61 (4th Cir. 1992). However, when a co-defendant or co-conspirator pleads guilty and later testifies, evidence of the guilty plea may be introduced to aid the jury in assessing the co-defendant's credibility as a witness. *See United States v. Withers*, 100 F.3d 1142, 1145-46 (4th Cir. 1996) (noting that in *Blevins*, 960 F.2d at 1260-61 n.3, this court "expressed doubt that the mention of a guilty plea by a testifying co-defendant . . . would be error since the defendant would have the opportunity to cross-examine the witness").

Beeks contends that the Government's use of the co-conspirator's guilty pleas on direct examination clearly exceeded any permissible purpose. Although the Government asked each co-conspirator about their guilty plea, we conclude that the Government used this evidence for the proper purpose of anticipating impeachment. The Government merely asked whether the co-conspirators had pled guilty to the conspiracy charge and whether the Government promised them anything in return for their guilty plea.

Beeks also argues that the Government improperly emphasized the co-conspirator's guilty plea in its closing arguments to the jury. To constitute reversible error based on prosecutorial misconduct, (1) the prosecutor's remarks or conduct must have been improper; and (2) the remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive him of a fair trial. *United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir. 1993). We have reviewed the record and conclude that, even if the Government's comments during its closing arguments were improper, the comments did not affect Beeks' substantial rights so as to deprive him of a fair trial in light of the overwhelming evidence to support the conspiracy charge.

Testimony from five co-conspirators established that there existed a large scale drug conspiracy. The leader of the conspiracy testified that he explained his drug activity to Beeks, invited him to be a party of that drug activity, and that Beeks accepted the invitation. He further testified that Beeks averaged a profit of approximately $7,500 to $9,000 a week in connection with his drug activity. Other co-conspirators testified that they personally saw Beeks buy cocaine and cocaine base from Barnes and sell it. Thus, there was overwhelming evidence showing that a conspiracy existed, that Beeks knew of this conspiracy, and knowingly and voluntarily became a part of the conspiracy.

Finally, Beeks contends that there was insufficient evidence to find him guilty beyond a reasonable doubt. We must uphold Beeks' conviction on appeal if there is substantial evidence in the record to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government and inquire whether there is evidence that a reasonable finder of fact

could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We conclude that there was sufficient evidence to support Beeks' conviction. Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*